IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| GREGORY LEE, #184 070 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-683-ID |
| | | (WO) |
| NURSE JONES, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The above-captioned complaint was filed in this court on July 27, 2007. After reviewing the complaint, the court deemed it necessary to direct Plaintiff to advise the court as to whether he did, in fact, intend to file this action with this court. Specifically, a review of the complaint reflected that Plaintiff may have meant to file this action in a state court pursuant to the Alabama Medical Liability Act. (*See* Doc. No. 1 at 1.)

Based on the foregoing, the court entered an order on July 31, 2007 granting Plaintiff an opportunity to inform the court as to whether he did, in fact, intend to file the above-captioned complaint in this court or, rather, whether he intended it for filing in state court. Plaintiff filed a response on August 22, 2007. (Doc. No. 5.) After reviewing the response, the court concludes that Plaintiff does, in fact, seek to proceed in state court with the complaint he filed with this court on July 27, 2007. The undersigned, therefore, concludes that the instant matter is due to be dismissed.

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that

this case be DISMISSED without prejudice.[1]

The Clerk is DIRECTED to return to Plaintiff his original complaint and application to proceed without prepayment of fees which he filed with the court on July 27, 2007 (Doc. Nos. 1, 2) so that Plaintiff may take those steps necessary to file these pleadings in the appropriate state court. The Clerk shall make a copy of Document Numbers 1 & 2 for the court's file.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 10, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

---

[1] Plaintiff is advised that the court cannot direct a transfer of his complaint to state court. Rather, he must undertake all necessary steps to file his complaint in the appropriate state court.

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 27th day of August 2007.

                                       /s/ Wallace Capel, Jr.
                                       WALLACE CAPEL, JR.
                                       UNITED STATES MAGISTRATE JUDGE